**Sulemanbhai Ismailbhai PANDOR,**
Petitioner,

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,**
Respondent.

No. 04–1081–ag.

United States Court of Appeals,
Second Circuit.

April 25, 2006.

Edward J. Cuccia, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney, Brent I. Anderson, Assistant United States Attorney, Wichita, Kansas, for Respondent.

PRESENT: Hon. WALKER, JR., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Sulemanbhai Ismailbhai Pandor, through counsel, petitions for review of a BIA decision denying his "motion to reconsider" his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

The BIA did not abuse its discretion in denying Pandor's "motion to reconsider."

To the extent that Pandor's motion was a motion to reconsider, the BIA reasonably denied the motion because it found that Pandor failed to raise any arguments on appeal which were not addressed by the IJ or which would have caused the BIA to reverse the IJ's decision. Further, Pandor's motion is devoid of any "legal arguments, a change of law, or ... argument or aspect of the case which was overlooked." *See In re Cerna*, 20 I. & N. Dec. 399, 403 n. 2, 1991 WL 353528 (BIA 1991). Indeed, Pandor acknowledges that the alleged motion to reconsider "should have been captioned a 'Motion to Reopen.'"

To the extent that the motion was a motion to reopen, the BIA reasonably found that Pandor failed to adequately demonstrate "meaningfully changed circumstances in India since the time of the hearing before the Immigration Judge to support reopening of the proceedings." The IJ had previously found that, based on country reports in the record, there had been very serious religious riots and violence during the period Pandor claimed he was persecuted, and that friction still existed between Hindus and Muslims in India. Pandor's motion did not demonstrate that there is a pattern or practice in India, or even in the state of Gujarat, of persecution of a group of persons similarly situated to him. *See* 8 C.F.R. § 1208.13(b)(2)(C)(iii)(A).

Pandor's claim in his brief that the news articles also showed that he would be persecuted because of his political opinion— i.e., his refusal to join the BJP—was not raised in his motion to the BIA, and is, therefore, unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Further, Pandor's claim in his petition that this Court should remand the case to the BIA to consider his changed personal circumstances due to his marriage to an American citizen, was not raised before the BIA and, thus, will not be considered by this Court. *See id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).